# UNITED STATES DISTRICT COURT
# **EASTERN DISTRICT OF NEW YORK**

**07 CV 4531
(ADS)**

**NIKOLAOS KOTSOPOULOS,**

*Petitioner,*

*against*

**SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,**

*Respondent.*

## **RESPONDENT'S NOTICE OF MOTION TO DISMISS AND SUPPORTING AFFIDAVIT**

**KATHLEEN M. RICE**
*District Attorney, Nassau County*
*Attorney for Respondent*
262 Old Country Road
Mineola, NY 11501
(516) 571-3800

Tammy J. Smiley
Ilisa T. Fleischer
  Assistant District Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

NIKOLAOS KOTSOPOULOS,                              NOTICE OF MOTION TO
                                                  TO DISMISS PETITION
                            Petitioner,
                                                  07-CV-4531 (ADS)
            -against-

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

                            Respondent.
------------------------------------------x

PLEASE TAKE NOTICE THAT, upon the affidavit of Ilisa T. Fleischer, at a time and date to be determined by the Court, respondent will move, pursuant to 28 U.S.C. § 2244(d), for an order dismissing the above-captioned petition for a writ of habeas corpus as untimely, and for any other relief the Court may deem appropriate.

Dated:    Mineola, New York
          December 18, 2007

                                   Respectfully submitted,

                                   KATHLEEN M. RICE
                                   District Attorney
                                   Nassau County
                                   262 Old Country Road
                                   Mineola, New York 11501

                              by:  Ilisa T. Fleischer (IF 6563)
                                   Assistant District Attorney

cc:  Steven Kartagener, Esq.
     225 Broadway, Suite 2700
     New York, New York 10007

     John Carro, Esq.
     Carro, Carro & Mitchell, LLP
     475 Park Avenue South, 16th floor
     New York, New York 10016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

NIKOLAOS KOTSOPOULOS,                          AFFIDAVIT IN SUPPORT
                                               OF MOTION TO DISMISS
                          Petitioner,          HABEAS CORPUS
                                               PETITION

          -against-
                                               07-CV-4531 (ADS)

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

                          Respondent.
------------------------------------------x

STATE OF NEW YORK)
                        ) ss.:
COUNTY OF NASSAU )

     ILISA T. FLEISCHER, being sworn, deposes and states as follows:

     1.   I am an assistant district attorney, of counsel to the District Attorney of the County of Nassau, and am admitted to practice before this Court.

     2.   This affidavit is submitted in opposition to the above-captioned petitioner's application for habeas corpus relief.

     3.   By agreement with the Office of the New York State Attorney General, the Nassau County District Attorney's Office is representing respondent in this matter.

     4.   Unless otherwise indicated, the following statements are made upon information and belief, based upon the records and files of the Nassau County District Attorney's Office.

5.    The instant petition arises from an incident on May 4, 2002, in which petitioner became embroiled in an argument with his wife, Carolyn, in the kitchen of their home in Manhasset, Nassau County, New York.   With their two young sons in the house, petitioner beat and pistol-whipped Carolyn, as he had done on previous occasions during their marriage.  However, as the argument continued, the gun went off, and Carolyn was killed by a bullet that penetrated her face and lodged in her brain.   Immediately after the gun discharged, petitioner screamed his wife's name in apparent shock.   He then called 911 and reported the incident. Petitioner later told police that an armed intruder had shot Carolyn and fled, leaving behind his pistol.  However, the storage box, documentation, ammunition, and other paraphernalia relating to the murder weapon were found in the house.

6.    By Nassau County Indictment Number 1057N/02, petitioner was charged with two counts of murder in the second degree (N.Y. Penal Law § 125.25[1] [intentional murder] and [2] [depraved indifference murder]) and one count of assault in the third degree (N.Y. Penal Law § 120.00[1]).

7.    At petitioner's jury trial, he was represented by Jacob R. Evseroff, Esq., and Anastasios Sarikas, Esq.  In the course of that proceeding, petitioner's son, George, testified that on the evening of May 4, 2002, he had joined his parents in the kitchen of

2

their home, where petitioner punched Carolyn in the back of the head, reigniting an earlier argument. Then, after retrieving his gun, petitioner struck Carolyn in the head with it, causing her to bleed from the head or from the nose. A few minutes later, as George watched from his seat at the kitchen table, petitioner shot Carolyn. After petitioner telephoned 911 and reported than an intruder has shot his wife, he warned George that if he did not repeat this account, he and his brother would be sent to an orphanage. Petitioner, however, testified that both of his sons had been in the basement at the time of the shooting, and that he had discovered an armed, gloved, and masked intruder just inside the back door of his house moments after hearing what sounded like a gunshot. Petitioner claimed to have disarmed the intruder, who then fled without his weapon. Petitioner further testified that, immediately after the shooting, he had telephoned 911 and reported that an intruder had shot his wife, an account which he repeated to the detectives who responded to that call. The evidence at trial established that petitioner also repeated the "intruder" story to two separate sets of police officers at the hospital later that night.

8.    At the close of the proof, on May 21, 2003, petitioner was convicted of depraved-indifference murder and third-degree assault. On June 19, 2003, petitioner was sentenced to a state

prison term of twenty-five years to life for the second-degree murder conviction, to run concurrently with a one-year prison sentence for the third-degree assault conviction.

9.    Petitioner appealed from his judgment of conviction, alleging that his guilt of depraved-indifference murder was not proved beyond a reasonable doubt and complaining about one of the prosecutor's arguments in summation.   On May 23, 2005, the Appellate Division, Second Department, unanimously affirmed petitioner's conviction.  People v. Kotsopoulos, 18 A.D.3d 781 (2d Dept. 2005).

10.   Renewing his sufficiency claim, petitioner subsequently sought leave to appeal to the New York Court of Appeals.   On August 8, 2005, that court denied petitioner's leave application. People v. Kotsopoulos, 5 N.Y.3d 807 (2005).

11.   On or about October 19, 2006, petitioner filed a motion to vacate the judgment of conviction pursuant to New York C.P.L. § 440.10, claiming that he had been denied effective assistance of counsel at his trial.  The People opposed, and on March 13, 2007, the Nassau County court denied petitioner's application.   On or about May 31, 2007, petitioner filed a motion for permission to appeal to the Appellate Division, Second Department, from the denial of his motion to vacate judgment.  The People opposed that application, and on July 5, 2007, the Second Department denied

4

petitioner's application for leave to appeal from the denial of his motion to vacate the judgment of conviction.

12.   In the instant application for a writ of habeas corpus, filed on August 3, 2007, petitioner alleges, as he did in his motion to vacate the judgment of conviction, that he was denied his constitutional right to the effective assistance of counsel.  In particular, petitioner alleges that trial counsel Evseroff represented him on a contingency fee basis, by which Evseroff was to receive a $100,000 bonus over and above his fee if petitioner were acquitted of the murder charges after trial.  Petitioner argues that the prospect of this bonus created a conflict of interest, as a result of which Evseroff "refused to explore the possibility of a mid-trial guilty plea after [p]etitioner's son provided devastating testimony against him, and . . . later refused to ask for a jury charge that would have provided the jury with the option of convicting [p]etitioner on lesser included homicide offenses" (Petitioner's Notice of Petition at ¶7).  Petitioner asserts that he was "severely prejudiced" by Evseroff's refusal to consider these options (id.).

13.   The petition should be dismissed as untimely.  Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner has a one-year period within which to file a writ of habeas corpus. In this case, that period runs from the date on which the judgment became final.  See

5

28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on February 14, 2003. Petitioner's application for leave to appeal to the New York Court of Appeals was denied on August 8, 2005. Petitioner's one-year statute of limitations began to run 90 days later, on November 7, 2005, the date on which his time to file a writ of certiorari expired, at which point his conviction became final. See Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1083 (2007); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Accordingly, petitioner had one year, or until November 7, 2006, in which to file a timely habeas petition. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's habeas petition, however, was not filed until August 3, 2007.

14. Because petitioner's habeas petition was not filed until August 3, 2007, it was filed 268 days too late. Pursuant to 28 U.S.C. §2244(d), the petition should be dismissed as untimely unless petitioner can account for 268 days of tolling. Here, petitioner did file a motion to vacate the judgment on or about October 19, 2006; leave to appeal to the Second Department from the Nassau County Court's denial of that motion was denied on July 5, 2007. During the pendency of this motion, the one-year statute of limitations was tolled for a total of 259 days. See 28 U.S.C. § 2244(d)(2); Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd on other grounds, 513 U.S. 4 (2000); see also Coble v.

Stinson, 210 F.3d 354, 354 (2d Cir. 2000).  Thus, after allowing for tolling for the motion to file a late notice of appeal, petitioner's habeas was still filed 9 days too late.

15.   For these reasons, the petition is untimely and should be dismissed.

16.   Copies of post-judgment motion papers and decisions and the certificate denying leave to appeal are being provided to the Court under separate cover.

WHEREFORE petitioner's application for a writ of habeas corpus should be dismissed.

_____
Ilisa T. Fleischer (IF 6563)
Assistant District Attorney

Sworn to before me this
18th day of December, 2007

_____
Notary Public

7

CONCLUSION

<u>THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DENIED.</u>

Dated:    Mineola, New York
          December 18, 2007

                                        Respectfully submitted,


                                        Kathleen M. Rice
                                        District Attorney, Nassau County
                                        Attorney for Respondent
                                        262 Old Country Road
                                        Mineola, New York 11501
                                        (516) 571-3800


                               By:   _____
                                     ILISA T. FLEISCHER (IF 6563)




Tammy J. Smiley
Ilisa T. Fleischer
   Assistant District Attorneys
      of Counsel




8

**Certificate of Service**

I hereby certify that, on December 18, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon:

Steven Kartagener, Esq.
225 Broadway, Suite 2700
New York, New York 10007

John Carro, Esq.
Carro, Carro & Mitchell, LLP
475 Park Avenue South, 16th floor
New York, New York 10016

Kathleen M. Rice
District Attorney, Nassau County
Attorney for Respondent
262 Old Country Road
Mineola, New York 11501
(516) 571-3800

By:  Ilisa T. Fleischer (IF 6563)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

NIKOLAOS KOTSOPOULOS,

                        Petitioner,

        -against-                           07-CV-4531 (ADS)

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,


                        Respondent.
-------------------------------------x


        **Notice Regarding the Filing of Exhibits in Paper Form**


    Exhibits in support of Respondent's Notice of Motion to

Dismiss and Affidavit in Support of Motion to Dismiss the above-

captioned habeas corpus petition, which was filed electronically

on December 18, 2007, are being filed in hard copy.


                            Kathleen M. Rice
                            District Attorney, Nassau County
                            Attorney for Respondent
                            262 Old Country Road
                            Mineola, New York 11501
                            (516) 571-3800

                        By:  Ilisa T. Fleischer (IF 6563)

Date: December 18, 2007