UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NIKOLAOS KOTSOPOULOS,

               Petitioner,            **MEMORANDUM OF**
                                            **DECISION AND ORDER**

     - against -

                                         07 CV 4531 (ADS)

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

               Respondent.
-----------------------------------------------------------x

**APPEARANCES :**

     **STEVEN R. KARTAGENER**
     Attorney for the Petitioner
     225 Broadway, Suite 2700
     New York, NY 10007
     By:     Steven R. Kartagener, Esq.
              Jason Yang, Esq., of Counsel

     **CARRO, CARRO & MITCHELL, LLP**
     Attorneys for the Petitioner
     475 Park Avenue South, 16th Floor
     New York, NY 10016
     By:     John Carro, Esq., of Counsel

     **LAWRENCE V. CARRA**
     Attorney for the Petitioner
     114 Old Country Road
     Mineola, NY 11501

     **KATHLEEN M. RICE**
     District Attorney of Nassau County
     Attorneys for the Respondent
     262 Old Country Road
     Mineola, NY 11501
     By:     Michael Walsh, Assistant District Attorney
              Michael P. Canty, Assistant District Attorney
              Tammy J. Smiley, Assistant District Attorney
              Ilisa T. Fleischer, Assistant District Attorney

**SPATT, District Judge.**

On July 25, 2007, Nikolaos Kotsopoulos ("Kotsopoulos" or "the Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree, on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. After a hearing that spanned several days, the Court issued a decision on July 24, 2009, denying the Kotsopoulous petition. See <u>Kotsopoulos v. Superintendent, Green Haven Correctional Facility</u>, No. 07-CV-4531, 2009 WL 2226220 (E.D.N.Y. Jul. 24, 2009). Presently before the Court is the Petitioner's motion for a certificate of appealability.

## II. DISCUSSION

### A. Standard - Certificate of Appealability

"As mandated by federal statute, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(1)). Indeed, 28 U.S.C. § 2253(c)(1) mandates that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . ." 28 U.S.C. § 2253(c)(1); <u>see</u> <u>also</u> Fed. R.App. P. 22(b) (indicating that a habeas petitioner may not appeal "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

In moving for a certificate of appealability, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this phrase to mean that "a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to

proceed further.'" Miller-El, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), and Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

**B. Petitioner's Motion for a Certificate of Appealability**

The Petitioner was charged with murdering his wife in the kitchen of the couple's Manhasset home on May 4, 2002. On May 21, 2003, following a jury trial, the Petitioner was convicted of murder in the second degree, N.Y. Penal Law § 125.25 [23] and assault in the third degree, N.Y. Penal Law § 120.00 [13].

In his petition, Kotsopoulos contended that he was denied his constitutional right to the effective assistance of counsel. In particular, the Petitioner claimed that his trial counsel, Jacob Evseroff, represented him on a contingent fee basis whereby, if Petitioner was acquitted of all charges, Evseroff was to receive a $100,000 bonus over and above the $400,000 fee already paid. Kotsopoulos claimed that he was severely prejudiced by this alleged conflict of interest in that the prospect of this bonus dissuaded Evseroff from: (1) seeking a plea deal after Kotsopoulos's son George testified that he saw his father shot his mother; or (2) requesting that the trial judge give a lesser-included homicide offense charge to the jury.

The Court found that the contingent fee arrangement was actually proposed by the Petitioner's mother, Christina Kotsopoulos, and that Evseroff never accepted her offer. The Court also determined that, even assuming Evseroff did agree to the contingent fee, his representation of the Petitioner was not affected by an actual conflict of interest. First, the Court found that no plea was ever offered or even contemplated by the Nassau County District Attorney's Office ("NCDAO"). The Court determined that a plea was never offered, not because Evseroff failed to raise the issue, but because the NCDAO believed that the heinous

nature of the crime and Kotsopoulous's past domestic abuse counseled against offering a plea.

Second, the Court noted that no reasonable view of the evidence would have supported an instruction to the jury regarding lesser-included homicide offenses. Indeed, the Court observed that throughout the trial Petitioner's unwavering defense was that a masked intruder murdered his wife. The Court concluded that, in light of the Petitioner's conscious decision to pursue the masked intruder defense, there was no evidence of manslaughter or criminally negligent homicide presented at his trial. As such, the Court reasoned that Evseroff could not have been expected to seek a jury charge on any lesser-included homicide offenses and that his failure to do so did not prejudice Kotsopoulous.

Under the circumstances, the Court finds that the Petitioner has failed to make a substantial showing of the denial of a constitutional right. This Court firmly believes that no reasonable jurist would have resolved Kotsopoulos's petition differently and finds that the arguments presented are not adequate to warrant appellate review. Accordingly, the Petitioner's motion for a certificate of appealability is denied.

### III. CONCLUSION

Based upon the foregoing analysis, the Petitioner's motion for a certificate of appealability is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
        September 12, 2009

_/s/ Arthur D. Spatt_
Arthur D. Spatt
United States District Judge